UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LISA L. JONES<br><br>Plaintiff,<br><br>v.<br><br>SPEEDY CASH and CURO FINANCIAL TECHNOLOGIES CORP. f/k/a SPEEDY CASH HOLDINGS CORP.,<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT 7:18-cv-00276<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** LISA L. JONES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of SPEEDY CASH, and CURO FINANCIAL TECHNOLOGIES CORP. f/k/a SPEEDY CASH HOLDINGS CORP. ("Curo") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392, Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), and Trespass to Personal Property ("TPP").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Texas and maintain significant business contacts in the Southern District of Texas.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who is a "person" as defined by 47 U.S.C. §153(39).

5. Speedy Cash is a Nevada corporation with its principal place of business located at 3527 North Ridge Road, Wichita, Kansas 67205. Speedy Cash is a foreign company whose primary business is offering payday loan services and is engaged in the business of collecting or attempting to collect debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Texas. Defendant's registered agent is National Registered Agents, Inc. of NV located at 701 South Carson Street, Suite 200, Carson City, Nevada 89701.

6. Curo is a corporation with its principal place of business located at 3527 North Ridge Road, Wichita, Kansas 67205. Curo is the parent company of Speedy Cash.[1]

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

8. Speedy Cash is a "person" as defined by 47 U.S.C. § 153(39).

9. Curo is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS SUPPORTING CAUSES OF ACTION**

10. Before January 2018, Plaintiff obtained a loan from Defendants.

---

[1] https://curo.com/brands (last accessed August 15, 2018).

11. Plaintiff subsequently fell behind on her payments, incurring a debt of approximately $243 ("subject debt").

12. In or around January 2018, Plaintiff began receiving calls to her cellular phone, (409) XXX-8620, placed by Defendants.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8620. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendants mainly use the phone number (785) 403-0339 when placing calls to Plaintiff's cellular phone, but upon belief, they have used other numbers as well.

15. . Upon information and belief, the above-referenced phone number ending in 0339 is regularly utilized by Defendants during their debt collection activity.

16. During answered calls from Defendants, Plaintiff experiences a noticeable pause, lasting a handful of seconds in length, and has to repeatedly say "hello" before a live representative begins to speak.

17. Upon speaking with Defendants, Plaintiff was informed that Defendants were seeking to collect upon the subject debt allegedly owed by Plaintiff.

18. In or around April 2018, exasperated by Defendants' continuous phone calls, Plaintiff answered a phone call and requested that Defendants stop calling her.

19. Despite Plaintiff's demands, Defendants continued to relentlessly place phone calls to Plaintiff's cellular phone well after they were notified that they no longer had consent to contact Plaintiff.

20. Plaintiff has answered numerous subsequent phone calls to request that Defendants stop calling her.

21. Plaintiff has received no less than 21 phone calls from Defendants since asking them to stop contacting her.

22. Frustrated over Defendants' conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

## DAMAGES

23. Defendants' wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

24. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendants' unfair, deceptive, and misleading actions.

25. Plaintiff was unduly inconvenienced and harassed by Defendants' unlawful attempts to collect the loan.

26. Defendants' phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, enervating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Defendants repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. Upon information and belief, based on Defendants' lack of prompt human response during the phone calls in which Plaintiff answered, Defendants used an ATDS to place calls to Plaintiff's cellular telephone.

31. Upon information and belief, the ATDS employed by Defendants transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

32. Defendants violated the TCPA by placing no less than 21 phone calls to Plaintiff's cellular phone between April 2018 and the present day, using an ATDS without her prior consent.

33. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

34. As pled above, Plaintiff was severely harmed by Defendants' collection calls to her cellular phone.

35. Upon information and belief, Defendants have no system in place to document and archive whether they have consent to continue to contact consumers on their cellular phones.

36. Upon information and belief, Defendants knew that their collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Defendants, through their agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendants are liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendants' willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff LISA L JONES respectfully prays this Honorable Court for the following relief:

a. Declare Defendants' phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendants from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

42. Speedy Cash is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

43. Curo is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

    a. **Violations of TDCA § 391.302**

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

45. Defendants violated the TDCA when they continuously called Plaintiff's cellular phone after she informed them to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would not default on a payment. The frequency and volume of calls, as well as the statements made by Defendants' representatives regarding the notations on Plaintiff's account, shows that Defendants willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

46. Furthermore, Defendants relentlessly contacted Plaintiff multiple times on numerous occasions. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

47. Upon being told to stop calling, Defendants had ample reason to be aware that they should cease its harassing campaign of collection phone calls. Nevertheless, Defendants consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff LISA L. JONES respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Defendants, through their collection conduct, have repeatedly and intentionally invaded Plaintiff's privacy.

50. Defendants' persistent and unwanted autodialed phone calls to her cellular phone eliminated Plaintiff's right to be left alone.

51. Moreover, Defendants' behavior in continuously contacting Plaintiff at different times throughout the day, including while Plaintiff was at work, was highly intrusive and invasive.

52. All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

53. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

54. Defendants' unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

55. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

56. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

57. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendants invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

58. Defendants' relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

59. Defendants intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, LISA L. JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees & costs;

e. Enjoining Defendants from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff restates and realleges paragraphs 1 through 59 as though fully set forth herein.

61. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and

outrageous; (3) the conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

62. Defendants intentionally engaged in extreme and outrageous conduct when Defendants incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions and harassment carried out during the phone calls to Plaintiff's cellular phone.

63. Defendants knew that their relentless phone calls would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

64. Defendants' conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

65. Defendants knew or should have known that Plaintiff had revoked consent to be contacted by any means.

66. Defendants' conduct was designed to cause severe emotional distress to the Plaintiff.

67. Defendants intentionally caused Plaintiff's emotional distress by way of endless phone calls, at all hours of the day, in an attempt to coerce Plaintiff into making a payment.

68. Defendants' actions were designed to instill fear and emotional distress upon Plaintiff.

69. Defendants' intentional or reckless conduct caused severe emotional distress to Plaintiff.

70. Plaintiff suffered an extreme disabling emotional response to Defendants' conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

71. As stated above, Plaintiff has suffered damages from Defendants' extreme and outrageous conduct.

**WHEREFORE,** Plaintiff LISA L. JONES respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendants;

b. Award Plaintiff her actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Award any other relief this Honorable Court deems equitable and just.

### COUNT V-TRESPASS TO PERSONAL PROPERTY

72. Plaintiff restates and realleges paragraphs 1 through 71 as though fully set forth herein.

73. Trespass to Personal Property is "an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force." *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960).

74. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

75. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

76. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

77. Defendants' interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

78. Defendants bombarded Plaintiff with over 21 calls, leaving her unable to use or possess her phone in the manner in which she wanted to.

79. Defendants knew or should have known that their phone calls were not consented to, as Plaintiff stated that Defendants must cease contacting her on numerous occasions.

80. Defendants caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to her cellular telephone, the loss of battery charge, and the loss of battery life.

81. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendants continuous interference with her possession of her cellular phone.

**WHEREFORE,** Plaintiff LISA L. JONES respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendants;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Enjoining Defendants from contacting Plaintiff;
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 29, 2018

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com